IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CARLOS MALDONADO AGUILAR,

    Plaintiff,

v.

D. RAY JAMES CORRECTIONAL
FACILITY, and GEO of D. Ray
James Correctional Facility,

    Defendants.

CIVIL ACTION NO.: CV511-111

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Carlos Maldonado Aguilar ("Plaintiff"), an inmate currently incarcerated at D. Ray James Correctional Facility ("D. Ray James") in Folkston, Georgia, filed a cause of action pursuant to[1] 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A plaintiff proceeding in a civil action pursuant to Bivens must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

---

[1] Plaintiff contends that his cause of action is brought pursuant to 42 U.S.C. § 1983. However, Plaintiff's cause of action is against a facility that operates under a contract with the United States Government to house federal prisoners. Therefore, his cause of action is appropriately brought, if at all, pursuant to Bivens.

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he has been suffering from pain following a biopsy performed on his prostate in May 2010. Plaintiff also states that there has been blood in his urine and that he vomits often. Plaintiff states that he receives pain killers and up to 10 to 15 different medicines every day. Plaintiff also asserts that he has seen the doctor at D. Ray James and that he has seen a specialist once. Additionally, Plaintiff states that he has been provided a wheelchair. Plaintiff alleges that he needs more aggressive treatment. Plaintiff names D. Ray James as Defendant in this case.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a

2

plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008).

The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). But "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted). Specifically, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Id. (citations omitted).

Plaintiff has not alleged that he has been denied medical treatment; nor has he alleged facts tending to show that any prison official has been deliberately indifferent to any of his medical needs. Therefore, Plaintiff has not shown that he has been deprived of a constitutional right.

In Corr. Services Corp. v. Malesko, 534 U.S. 61 (2001), the Supreme Court held that a Bivens action was not the appropriate remedy against a private entity operating a halfway house under contract with the Bureau of Prisons. The Court determined that the plaintiff could not maintain a Bivens action against the correctional company

AO 72A
(Rev. 8/82)

because the goal of Bivens is to "deter individual federal officers from committing constitutional violations." Id. at 70.

The Eleventh Circuit has decided a similar issue as that presented in Malesko, but with respect to employees of private correctional facilities. In Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008), the court, following Malesko, declined to extend Bivens to cover claims for inadequate medical care against Corrections Corporation of America and its employees. In Alba, the plaintiff, a prisoner at a private facility owned and operated by Corrections Corporation of America under contract with the Bureau of Prisons, underwent surgery for a benign goiter in his throat while in their custody. The plaintiff alleged that the surgery damaged his vocal cords and that he received inadequate post-operative care. The plaintiff sued employees of the facility, alleging that they acted with deliberate indifference to his medical needs. The Eleventh Circuit affirmed the dismissal of the plaintiff's claim, noting that the Supreme Court had only twice extended Bivens, and had declined to do so in Malesko. Id. at 1253. Additionally, the court determined that the plaintiff could avail himself of adequate state remedies. Id. at 1254-55.

D. Ray James is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Malesko and Alba, Plaintiff may not maintain a cause of action pursuant to Bivens against D. Ray James because it is a private facility.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED and RECOMMENDED**, this 10th day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)